

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 1116-CV13161 |
|---|---|
| JACK GRATE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| MICHAEL MEDELLIN | JAMES TRIVETT THOMPSON |
| | 3100 BROADWAY SUITE 1400 |
| vs. | KANSAS CITY, MO 64111 |
| Defendant/Respondent: | Court Address: |
| ALLIANT TECHSYSTEMS INC | 308 W Kansas |
| | INDEPENDENCE, MO 64050 |
| Nature of Suit: | |
| CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ALLIANT TECHSYSTEMS INC
Alias:

CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____MAY 2 4 2011_____    _____
Date                                    Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                       Date                Notary Public

**Sheriff's Fees**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $  10.00
Mileage                          $_____ (_____ miles @ $_____ per mile)
Total                            $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 11-SMCC-4850    1 of 1    ...01 – 54.05, 54.13, and 54 20; 506.120 – 506.140, and 506.150 RSMo

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| Judge or Division: | Case Number: 1116-CV13161 |
|---|---|
| JACK GRATE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| MICHAEL MEDELLIN | JAMES TRIVETT THOMPSON |
| | 3100 BROADWAY SUITE 1400 |
| vs. | KANSAS CITY, MO 64111 |
| Defendant/Respondent: | Court Address: |
| ALLIANT TECHSYSTEMS INC | 308 W Kansas |
| Nature of Suit: | INDEPENDENCE, MO 64050 |
| CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: RUSSELL L FRANKS
Alias:
200 WHITETAIL RD
BUCKNER, MO 64016

*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MAY 24 2011
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____
Date                      Notary Public

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ ( _____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# NOTICE

In keeping with the dignity and serious nature of court proceedings, proper attire is required in the courtrooms. No participant in a case may appear in t-shirts, tank-tops, tube-tops, cut-offs, shorts, or other inappropriate clothing. Attorneys are responsible for ensuring that clients and witnesses comply with the dress code.

It is also requested that all pagers/cell phones be turned off or not brought in to the Court.

Children will not be allowed into the courtroom.

If any attorney, party or witness to any of the proceedings will require an accommodation, please contact the ADA Coordinator at 881-3652.

| | |
|---|---|
| MICHAEL MEDELLIN<br>12324 Corrington<br>Grandview, MO 64030<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS, INC.<br>Serve: CT Corporation Systems<br>       120 South Central Avenue<br>       Clayton, MO 63105<br><br>ALBERICI CONSTRUCTORS, INC.<br>Serve: CT Corporation Systems<br>       120 South Central Avenue<br>       Clayton, MO 63105<br><br>RUSSELL L. FRANKS<br>Serve: 200 Whitetail Road<br>       Buckner, MO 64016<br><br>RICHARD LEE STAPLES<br>Serve: 2006 NW Sycamore Lane<br>       Grain Valley, MO 64029-8390<br><br>THOMAS F. BROCKMEIER<br>Serve: 2184 Gregory Drive<br>       Pacific, Missouri 63069<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   1116-CV13161<br>)   Case No. _____<br>)   Division No. ____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Michael Medellin and for his causes of action against Defendants, sets forth, states and avers as follows:

## Parties

1. That Plaintiff Michael Medellin is a resident of the State of Missouri residing at 12324 Corrington, Grandview, Missouri 64030, who on or about March 1, 2011 suffered catastrophic burns over his body as a result of the negligence of Defendants more specifically set forth herein.

2. That Defendant Alliant TechSystems, Inc. ("ATK") is a Utah corporation with its principal place of business at 7480 Flying Cloud Drive, Eden Prairie, Minnesota, registered and in good standing in the State of Missouri and may be served through its duly authorized registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

3. That Defendant Alberici Constructors, Inc. ("Alberici") is a Missouri corporation with its principal place of business located at 8800 Page Avenue, St. Louis, Missouri and may be served through its duly appointed registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

4. That Defendant Russell Franks is an individual who is a resident of the State of Missouri residing at 200 Whitetail Road, Buckner, Missouri 64016 and may be served with process at that address.

5. That Defendant Richard Lee Staples is an individual and a resident of the State of Missouri residing at 2006 NW Sycamore Lane, Grain Valley, Missouri 64029-8390 and may be served with process at that address.

6. That Defendant Thomas F. Brockmeier is an individual and resident of the State of Missouri, residing at 2184 Gregory Drive, Pacific, Missouri 63069, and may be served with process at that address.

## Jurisdiction and Venue

7. That venue of the above-styled cause is proper in the Circuit Court of Jackson County, Missouri at Independence pursuant to V.A.M.S. § 508.010(4) that Plaintiff was first injured by the wrongful acts and negligent conduct of Defendants in Jackson County, Missouri and that pursuant to V.A.M.S. § 478.461 the cause of action accrued in the Eastern portion of Jackson County and is properly venued in Independence.

8. That the exercise of personal jurisdiction over the nonresident Defendants comports with due process and has statutory basis in V.A.M.S. § 506.500 to the extent that said Defendants made contracts within this state and committed tortious acts within this state.

9. That Defendants are not entitled to assert the so-called "government contractor defense" as set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500, 108 S.Ct. 2510 (1988), in that the only claims set forth herein assert a *failure* to comply with common law and contractual duties and obligations, and a *failure* to conform to government specifications and procedures. Furthermore, Plaintiff's claims assert exclusively state law causes of action sounding in negligence, and nothing relieves the defendants herein from complying with state and local laws and regulations.

## The Explosion and Fire

10. That on or about March 1, 2011, Plaintiff Michael Medellin was working as a business invitee at the premises controlled and operated by Defendant ATK known as the "Lake City Ammunition Plant" and located in Independence, Jackson County, Missouri 64050.

11. That Plaintiff was conducting work activities within the plant when an explosion occurred, which resulted from combustion of an explosive/flammable material.

3

12. That prior to the explosion, which catastrophically injured Plaintiff, a prior explosion/combustion event occurred in the same general area and also due to same defective condition, to wit excessive explosive material residue, which was not properly cleaned up by Defendants.

13. That Defendant ATK operated, maintained, remolded, and was responsible for repair and cleaning of the work areas at the Lake City facility.

14. That Defendants, including but not limited to ATK, were required to engage in a number of safety-related actions, which they specifically failed to comply with and which non-compliance directly caused or contributed to cause Plaintiff's injuries.

## Count I
### Negligence of ATK

COMES NOW Plaintiff Michael Medellin, by and through his counsel of record, and for Count I of his Petition for Damages incorporates by reference as though fully set forth herein paragraphs 1 through 14 above, and further sets forth, state and aver as follows:

15. That ATK negligently failed to properly decontaminate the cartridge loading line and room to the degree necessary to perform the work safely prior to allowing employees/contractor personnel in the area.

16. That ATK negligently failed to properly instruct contractor personnel on proper procedures to follow prior to drilling holes into table supports and/or crossbeams.

17. That ATK negligently failed to tag and identify areas and parts of the cartridge-loading line that could not be cleaned.

18. That ATK negligently failed to establish written procedures requiring responsible personnel to clean and decontaminate all ammunition and explosives ("AE") areas where

accumulated AE residue might pose a hazard before the initiation of maintenance or repair operations.

19. That ATK negligently disengaged the deluge fire suppression system when it knew, or should have known, that residue explosive material remained in the area and that any fire and/or explosion as a result of operations would result in more severe burns to Plaintiff and others working in the area without such a fire suppression system in place.

20. That ATK negligently failed to properly inspect the loading area to assure no explosives remained in the area.

21. That ATK negligently allowed employees/contractor personnel, including Plaintiff, to drill into parts of equipment that contained explosives when it knew, or by the exercise of reasonable care, should have known that by allowing such drilling to be done an explosion would occur and employees/contractor personnel, including Plaintiff, would be injured thereby.

22. That ATK negligently failed to train contractors in the performance of job duties involved in areas contaminated by ammunition and explosives.

23. That ATK negligently failed to assign, a mechanic or supervisor to oversee each operation involving drilling into areas where explosive residue could be present to make the determination as to whether or not drilling should take place.

24. That ATK negligently allowed work, including drilling, to continue after knowing that explosive residue was actually present and presented a real and present hazard to employees/contractor personnel.

25. That ATK negligently allowed the use of tools other than hand tools in areas which were not decontaminated.

26. That following a previous incident of fire/explosion involving drilling, ATK negligently failed to provide fire retardant clothing and/or other personal protective equipment to employees/contractor personnel, including Plaintiff, who were working in the area.

27. That following a previous incident of fire/explosion involving drilling, ATK negligently failed to reconnect the deluge system to protect employees/contractor personnel, including Plaintiff, from more significant injuries in the event of a fire and/or explosion.

28. That following a previous incident of fire/explosion involving drilling, ATK negligently failed to conduct a proper safety meeting informing the employees/contractor personnel of the danger and of new safety procedures

29. That as a direct and proximate result of said breach of duties, Plaintiff Michael Medellin sustained damage.

30. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin suffered significant, permanent and progressive injuries, including but not limited to massive burns to his body, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

31. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

WHEREFORE, Plaintiff Michael Medellin prays for judgment against Defendants in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described

injury, and for all other further relief the Court deems just and proper, together with the costs of this action.

## Count II
## Negligence of Alberici

COMES NOW Plaintiff Michael Medellin, by and through his counsel of record, and for Count I of his Petition for Damages incorporates by reference as though fully set forth herein paragraphs 1 through 31 above, and further sets forth, state and aver as follows:

32. That Defendant Alberici was hired as a general contractor by ATK on the jobsite at issue.

33. That Alberici negligently failed to ensure that the work area was properly decontaminated prior to allowing Plaintiff and other employees/contractor personnel in the area.

34. That Alberici negligently failed to properly warn employees/contractor personnel, including Plaintiff, of the dangers of explosive material in the legs and crossbeams of the cartridge-loading table.

35. That Alberici negligently failed to inform employees/contractor personnel, including Plaintiff, that ammunition and explosives remained in the table legs and crossbeams and was a hazard and could ignite causing a fire and/or explosion.

36. That Alberici negligently failed to provide employees/contractor personnel, including Plaintiff, with proper protective clothing knowing that ammunition and explosives remained in the work area and presented a danger of fire and/or explosion.

37. That Alberici negligently allowed employees/contractor personnel, including Plaintiff, to drill into table legs and crossbeams knowing that the legs and crossbeams contained explosives and would ignite and/or explode upon the presence of any spark or flame.

38. That Alberici negligently failed to properly instruct employees on the proper procedures to take when drilling into table legs and crossbeams.

39. That after learning of an incident involving a fire and/or explosion while drilling into a table leg, Alberici negligently permitted employees/contractor personnel, including Plaintiff, to continue this process without ensuring the areas were properly decontaminated.

40. That following a previous incident of fire/explosion involving drilling, Alberici negligently failed to provide fire retardant clothing and/or other personal protective equipment to employees/contractor personnel, including Plaintiff, who were working in the area.

41. That following a previous incident of fire/explosion involving drilling, Alberici negligently failed to demand that ATK reconnect the deluge system to protect employees/contractor personnel, including Plaintiff, from more significant injuries in the event of a fire and/or explosion.

42. That following a previous incident of fire/explosion involving drilling, Alberici negligently failed to conduct a proper safety meeting informing the employees/contractor personnel of the danger and of new safety procedures

43. That Alberici negligently failed to inform Plaintiff of a previous incident involving fire and/or explosion while drilling holes in table leg/crossbeam.

44. That as a direct and proximate result of said breach, Plaintiff Michael Medellin sustained damage.

45. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin suffered significant, permanent and progressive injuries, including but not limited to massive burns to his body, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

46. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

WHEREFORE, Plaintiff Michael Medellin prays for judgment against Defendants in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described injury, and for all other further relief the Court deems just and proper, together with the costs of this action.

### Count III
### Negligence of Brockmeier

COMES NOW Plaintiff Michael Medellin, by and through his counsel of record, and for Count I of his Petition for Damages incorporates by reference as though fully set forth herein paragraphs 1 through 46 above, and further sets forth, state and aver as follows:

47. That following a previous incident of fire/explosion involving drilling, Brockmeier negligently failed to conduct a proper safety meeting informing the employees/contractor personnel, including Plaintiff, of the danger and of new safety procedures.

48. That following a previous incident of fire/explosion involving drilling, Brockmeier negligently failed to provide fire retardant clothing and/or other personal protective equipment to employees/contractor personnel, including Plaintiff, who were working in the area.

49. That Brockmeier negligently failed to inform Plaintiff of a previous incident involving fire and/or explosion while drilling holes in table leg/crossbeam.

50. That Brockmeier negligently failed to insist that the deluge system be reactivated after being informed of previous fire/explosion when an employee was drilling a hole into a table crossbeam.

51. That Brockmeier negligently failed to ensure that work area was properly decontaminated prior to the initiation of work.

52. That as a direct and proximate result of said breach, Plaintiff Michael Medellin sustained damage.

53. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin suffered significant, permanent and progressive injuries, including but not limited to massive burns to his body, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

54. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

WHEREFORE, Plaintiff Michael Medellin prays for judgment against Defendants in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described injury, and for all other further relief the Court deems just and proper, together with the costs of this action.

## Count IV
## Negligence of Franks

COMES NOW Plaintiff Michael Medellin, by and through his counsel of record, and for Count I of his Petition for Damages incorporates by reference as though fully set forth herein paragraphs 1 through 54 above, and further sets forth, state and aver as follows:

55. That Defendant Russell L. Franks was the supervisor in charge of the loading area and was responsible to insure a safe working environment for Plaintiff Michael Medellin.

56. That following a previous incident of fire/explosion involving drilling, Franks negligently failed to conduct a proper safety meeting informing the employees/contractor personnel, including Plaintiff, of the danger and of new safety procedures.

57. That following a previous incident of fire/explosion involving drilling, Franks negligently failed to provide fire retardant clothing and/or other personal protective equipment to employees/contractor personnel, including Plaintiff, who were working in the area.

58. That Franks negligently failed to inform Plaintiff of a previous incident involving fire and/or explosion while drilling holes in table leg/crossbeam.

59. That Franks negligently failed to insist that the deluge system be reactivated after being informed of previous fire/explosion when an employee was drilling a hole into a table crossbeam.

60. That Franks negligently failed to ensure that work area was properly decontaminated prior to the initiation of work.

61. That as a direct and proximate result of said breach, Plaintiff Michael Medellin sustained damage.

62. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin suffered significant, permanent and progressive injuries, including but not

11

limited to massive burns to his body, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

63. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

WHEREFORE, Plaintiff Michael Medellin prays for judgment against Defendants in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described injury, and for all other further relief the Court deems just and proper, together with the costs of this action.

### Count V
### Negligence of Staples

COMES NOW Plaintiff Michael Medellin, by and through his counsel of record, and for Count I of his Petition for Damages incorporates by reference as though fully set forth herein paragraphs 1 through 63 above, and further sets forth, state and aver as follows:

64. That Defendant Richard Lee Staples was a line foreman for Defendant Alberici and was responsible to insure a safe working environment for Plaintiff Michael Medellin.

65. That despite knowledge of a previous incident of fire/explosion involving drilling, Staples negligently failed to inform the employees/contractor personnel, including Plaintiff, of the danger and of new safety procedures.

66. That Plaintiff specifically asked Defendant Staples if the activity Plaintiff was going to engage in was done in a proper and safe manner to which Defendant Staples assured him that the activity was safe and acceptable.

67. That Staples negligently failed to inform Plaintiff of a previous incident involving fire and/or explosion while drilling holes in table leg/crossbeam.

68. That Staples negligently failed to ensure that work area was properly decontaminated prior to the initiation of work.

69. That as a direct and proximate result of said breach, Plaintiff Michael Medellin sustained damage.

70. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin suffered significant, permanent and progressive injuries, including but not limited to massive burns to his body, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

71. That a direct and proximate result of the aforementioned negligence, Plaintiff Michael Medellin has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

WHEREFORE, Plaintiff Michael Medellin prays for judgment against Defendants in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described injury, and for all other further relief the Court deems just and proper, together with the costs of this action.

### Demand for Trial

COMES NOW Plaintiff Michael Medellin and requests a trial by jury on all issues so triable.

EDELMAN & THOMPSON, LLC

By: _____
James T. Thompson    MO Bar No. 37245
Melissa L. Steed     MO Bar No. 60742
3100 Broadway, Suite 1400
Kansas City, MO 64111
Tel. 816.561.3400
Fax 816.561.1664
jamesthompson@etkclaw.com
msteed@etkclaw.com

ATTORNEYS FOR PLAINTIFF

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MICHAEL MEDELLIN,

               PLAINTIFF(S),               CASE NO. 1116-CV13161

VS.                                                              DIVISION 17

ALLIANT TECHSYSTEMS INC,
               DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JACK GRATE** on 07-SEP-2011 in DIVISION 17 at 08:45 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

DMSNCMCIVI 01-09

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16circuit.org for division polices and procedural information listed by each judge.

/S/ JACK GRATE
JACK GRATE, Circuit Judge

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JAMES TRIVETT THOMPSON, 3100 BROADWAY SUITE 1400, KANSAS CITY, MO 64111

Defendant(s):
ALLIANT TECHSYSTEMS INC
ALBERICI CONSTRUCTORS INC
RUSSELL L FRANKS
RICHARD LEE STAPLES
THOMAS F BROCKMEIER

Dated: 23-MAY-2011

Teresa L. York
Court Administrator

DMSNCMCIVI 01-09