IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Michael Medellin | ) |
| and | ) |
| Richard Lee Staples | ) |
| Plaintiffs, | ) Case No. 4:11-cv-00654-SOW |
| v. | ) |
| Alliant Techsystems Inc. | ) |
| Defendant/Third Party Plaintiff | ) |
| and | ) |
| Alberici Constructors, Inc. | ) |
| Third Party Defendant | ) |

## PLAINTIFF RICHARD LEE STAPLES PETITION FOR DAMAGES

COMES NOW Defendant Richard Lee Staples and for his cause of action against Defendant Alliant Techsystems Inc., sets forth, states and avers as follows:

### Parties

1.  Plaintiff Richard Lee Staples (hereinafter "Staples") is a citizen of the United States and a resident of the State of Missouri residing at 3940 S. Jackson Drive, Apt 106, Independence Missouri 64057.

2.  Defendant Alliant TechSystems, Inc. ("ATK") is a Utah corporation with its principal place of business at 7480 Flying Cloud Drive, Eden Prairie, Minnesota, registered and in good standing in the State of Missouri.

\\MHUFFT\Files\Staples v ATK\PLED\staples atk petition 120327.wpd

## Jurisdiction and Venue

3. This court has jurisdiction pursuant 28 U.S.C. §§ 1331. Staples also invokes the supplementary jurisdiction of this Court pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## The Explosion and Fire

5. On or about March 1, 2011, Staples was working as a business invitee of ATK at the premises owned by the Federal Government since 1940 for use as an Army Ammunition Plant known as Lake City Ammunition Plant (hereinafter "LCAAP"). LCAAP is a federal enclave. *Miller v. Wackenhut Serv. Inc.*, 808 F. Supp. 697, 699 (W.D. Mo. 1992); *Bell v. Alliant Lake City Small Caliber, Army Ammunition Co.,* L.L.C., 2006 WL 742272, *1(W.D. Mo.).

6. Staples was conducting work activities within LCAAP when an explosion occurred, which resulted from combustion of an explosive/propellant material.

7. That as a result of the aforementioned explosion Staples suffered 100% loss of hearing in one ear, a ruptured ear drum in the other ear, loss of consciousness, closed head injury and post traumatic stress disorder.

8. That prior to the explosion which injured Staples, a prior explosion/combustion event occurred with the same table in the same production line and also due to same defective condition, to-wit, excessive explosive material residue, which was not properly cleaned by ATK.

9. ATK operated, maintained, refurbished, and was responsible for repair and cleaning of the work areas at LCAAP.

10. ATK was required to engage in a number of safety-related actions, which it specifically failed to comply with and which non-compliance directly caused or contributed to cause Staple's injuries.

11. ATK failed to have any detailed procedure for decontamination of the production line ("line 2") after the February 3, 2011 incident.

12. ATK allowed work to continue on the table involved in the February 3, 2011 incident, despite actual knowledge that the spaces within the table contained small arms propellant within its cavities.

## Count I - Negligence

COMES NOW Staples, by and through his undersigned counsel, and for Count I of his cause of action against ATK states and alleges as follows:

13. Staples incorporates by reference as though fully set forth herein paragraphs 1 through 12 of his general allegations against ATK.

14. ATK owed Staples a non-delegable duty to properly decontaminate the cartridge loading line and room to the degree necessary to perform the work safely prior to allowing employees/contractor personnel in the area.

15. ATK negligently failed to properly decontaminate the cartridge loading line and room at LCAAP to the degree necessary to perform the work safely prior to allowing employees/contractor personnel in the area.

16. ATK negligently failed to properly instruct contractor personnel on proper procedures to follow prior to drilling holes into table supports and/or crossbeams.

17. ATK negligently failed to tag and identify areas and parts of the cartridge-loading line that could not be cleaned.

18. ATK failed to report a prior fire/explosion event, which occurred with the same table in the same production line on February 3, 2011, to government safety and/or security personnel as required by contract and regulation. In fact, ATK did not provide the requisite Safety Incident Investigation Form for the February 3, 2011 fire/explosion until March 7, 2011, one week after Staples sustained injuries.

19. Had ATK informed government safety and/or security personnel about the hidden propellant in the work environment, as required, further work would have been stopped by government safety and/or security personnel.

20. Rather than follow the contractual obligations and specifications required of ATK, ATK attempted to formulate a "letter of instruction," which was inadequate and not approved.

21. ATK failed to properly decontaminate the tables and production line, despite clear and identifiable mandates to do so.

22. ATK failed to implement a proper and adequate Standard Operating Procedure for re-occurring decontamination.

23. ATK violated the Safety Facility Use Scope of Work by allowing the contractors at issue to continue working on the known contaminated work tables.

24. ATK did not have a valid "hot work" permit in place at the time of the incident, nor did it have proper procedures in place to ensure "hot work" permits were valid.

25. ATK failed to provide Contractor Briefing and Consent Forms to their contractors as required by the Administrative Procedure 18-3.

26. ATK negligently disengaged the deluge fire suppression system when it knew, or should have known, that residue explosive material remained in the area and that any fire and/or explosion as a result of operations would result in more severe injuries to Staples and

others working in the area without such a fire suppression system in place.

27. ATK negligently failed to properly inspect the loading area to assure no explosives remained in the area, in fact, even after the first incident propellants and explosives continued to contaminate the work environment.

28. ATK negligently allowed work, including drilling, to continue after knowing that explosive residue was actually present and presented a real and present hazard to employees/contractor personnel.

29. Following a previous incident of fire/explosion involving drilling, ATK negligently failed to provide fire retardant clothing and/or other personal protective equipment to employees/contractor personnel, including Staples, who were working in the area.

30. Following a previous incident of fire/explosion involving drilling, ATK negligently failed to reconnect the deluge system to protect employees/contractor personnel, including Staples, from more significant injuries in the event of a fire and/or explosion.

31. Following a previous incident of fire/explosion involving drilling, ATK negligently failed to conduct a proper safety meeting informing the employees/contractor personnel of the danger and of new safety procedures

32. As a direct and proximate result of said breach of duties, Staples sustained damage.

33. As a direct and proximate result of the aforementioned negligence, Staples suffered significant, permanent and progressive injuries, including but not limited to loss of hearing in one ear, ruptured ear drum in the other ear, loss of consciousness, closed head injury, post traumatic stress disorder, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

34. As a direct and proximate result of the aforementioned negligence, Staples has been

\\MHUFFT\Files\Staples v ATK\PLED\staples atk petition 120327.wpd                                                                Page 5 of 7

Case 4:11-cv-00654-SOW   Document 64   Filed 03/27/12   Page 5 of 7

caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

35. The conduct of ATK, including but not limited to its total disregard of its contractual and regulatory mandates, showed complete indifference to or conscious disregard for the safety of Staples and others and Staples is entitled to an additional amount as punitive damages in a sum to punish the ATK and to deter the ATK and others from like conduct..

WHEREFORE, Plaintiff Richard Lee Staples prays for judgment against Defendant Alliant Techsystems, Inc. in an amount in excess of twenty five thousand dollars ($25,000) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described injury, for an amount of punitive and exemplary damages which will serve to punish Defendant ATK, and which will deter others from similar conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

## **Demand for Trial**

COMES NOW Plaintiff Richard Lee Staples and requests a trial by jury on all issues so triable.

HUFFT & MAGINN, L.L.C.

By: /s/ Michael D. Hufft
Michael D. Hufft    MO #27553
4505 Madison Avenue
Kansas City, Missouri 64111
Telephone:    (816) 751-0588
Facsimile:    (816) 751-0599
Email:    mhufft@hufftmaginn.com

ATTORNEYS FOR PLAINTIFF RICHARD LEE STAPLES

# CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

James T. Thompson
Melissa L. Steed
Edelman & Thompson, L.L.C.
3100 Broadway, Suite 1400
Kansas City, MO 64111
Attorneys for Plaintiff

Peter F. Daniel
William F. Ford, Jr.
Kevin M. Kuhlman
Lathrop & Gage, LLP
2345 Grand Boulevard, Ste 2200
Kansas City, MO 64108
Attorneys for Defendants Alliant Techsystems, Inc. and Russell L. Franks

James M. Yeretsky
Gregory F. Maher
Craig M. Leff
Sean P. Hamer
P.O. Box 26035
Kansas City, Missouri 64196
Attorneys for Defendants Alliant Techsystems, Inc. and Russell L. Franks

Brian Burge
Jeffrey C. Baker
Sanders, Warren & Russell, LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210

Richmond M. Enochs
Wallace, Saunders, Austin, Brown and Enochs, Chartered
2300 Main Street, Suite 900
Kansas City, MO 64108
Attorneys for Third Party Defendant Alberici Constructors, Inc.

                                      /s/ Michael Hufft
                                        Michael Hufft